UNITED STATES of America,
Plaintiff-Appellee,

v.

Hugo Eduardo BRIONES–GARZA, a/k/a
Juan Ramirez-Ramirez,
Defendant-Appellant.

No. 80–1541
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

July 22, 1981.

Roland E. Dahlin, II, Federal Public Defender, Charles D. Szekely, Jr., Asst. Feder-

al Public Defender, Houston, Tex., for defendant-appellant.

Anna E. Stool, Asst. U. S. Atty., Houston, Tex., for the U. S.

Before AINSWORTH, GARZA and SAM D. JOHNSON, Circuit Judges.

AINSWORTH, Circuit Judge:

Appellant Hugo Eduardo Briones-Garza, a Mexican national, was indicted along with four other defendants on ten counts of bringing illegal aliens into this country and harboring them in violation of 8 U.S.C. § 1324(a)(3). Garza made an agreement with the Government to waive jury trial, and to proceed upon the transcript of the preliminary hearing and the stipulated testimony of one of the illegal aliens in exchange for a dismissal of nine of the counts charged. Garza was found guilty by the district judge on the one remaining count and was given a suspended sentence of three years on the special condition that he not reenter the United States illegally. Garza now appeals his conviction on the sole grounds that the police search in which he was arrested was carried out in violation of the fourth amendment's warrant requirement.

The facts necessary to dispose of this appeal can be briefly summarized. Garza was a guard at a "drop house" in north Houston where smuggling caravans from Mexico would deposit their human "cargo." Garza would sign the illegal aliens in on a ledger as they arrived and, along with his codefendants, held the aliens hostage until they, or their American relatives, paid additional sums of money to secure their freedom. With the aid of a confidential police informant, three women managed to escape from their captors at the drop house during the early morning hours of March 14, 1980. The women told Houston police that they had seen Rigoberto Caballero Rodriguez, a known smuggler who had an outstanding arrest warrant against him, enter the drop house while they were locked in a car outside. Acting on these statements and armed with the outstanding arrest warrant for Rodriguez, but without a search warrant, United States marshals, Immigration and Naturalization Service agents, and Houston police raided the drop house. In the process of searching for Rodriguez, they seized incriminating physical evidence and arrested Garza, his codefendants, and their 54 alien hostages.

We note that briefs in this case were submitted before the Supreme Court's recent decision in *Steagald v. United States*, —— U.S. ——, 101 S.Ct. 1642, 68 L.Ed.2d 38 (1981), dealing with the right to search for the subject of an arrest warrant in the home of a third party without first obtaining a search warrant. *Id.* at ——, 101 S.Ct. at 1644. Garza's counsel nevertheless anticipated *Steagald*, and briefed the *Steagald* issues relevant to Garza's case. However, we find it unnecessary in light of our disposition of this case to reach any of Garza's claims.

As the Government points out in its brief, "it is seriously doubtful whether or not appellant has standing to contest the execution of the arrest warrant of Rodriguez on the premises ...." Appellee's Br. at 9. No evidence in the record indicates that Garza had a "legally sufficient interest in" the drop house to give him a "legitimate expectation of privacy" in the area searched. *Rakas v. Illinois*, 439 U.S. 128, 142–43, 99 S.Ct. 421, 430, 58 L.Ed.2d 387 (1978). Since the Government did not challenge Garza's standing to assert a violation of his fourth amendment rights at the suppression hearing, the proper disposition of this case is to vacate and remand to allow Garza to establish, if he can, "whether petitioner had an interest in the searched premises that was protectible" under the fourth amendment. *Combs v. United States*, 408 U.S. 224, 92 S.Ct. 2284, 2286, 33 L.Ed.2d 308 (1972). *See United States v. Salvucci*, 448 U.S. 83, 95, 100 S.Ct. 2547, 2555 (1980).[1]

VACATED AND REMANDED.

---

1. We emphasize that the Government's failure to challenge Garza's standing to contest the search of the drop house at the suppression hearing is manifestly distinguishable from the

facts of *Steagald*, where the standing issue was deemed waived. In *Steagald*, the Government acquiesced in the finding and, indeed, affirmatively contended that the house searched was the petitioner's residence. *See Steagald v. United States*, — U.S. —, 101 S.Ct. 1642, 1646, 68 L.Ed.2d 38 (1981). Unlike *Steagald*, the Government has never contended in this case that the drop house was Garza's resi-

dence. Since Garza is a Mexican national himself, and was using the house for illegal purposes, its status as Garza's residence seems dubious. Moreover, the Government has raised the standing issue at Garza's first level of appeal. *See id.* (where Government does not raise issue at suppression hearing, at jury trial, on appeal to circuit court or on certiorari to Supreme Court, issue may be waived).